IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-CV-386-H

| | |
|---|---|
| RONALD ARRINGTON, ET AL., | ) |
| Plaintiffs, | ) MEMORANDUM IN SUPPORT OF |
| v. | ) DEFENDANTS' JOINT MOTION TO STRIKE JURY DEMAND |
| PUTNAM FIDUCIARY TRUST COMPANY, ABBOTT LABORATORIES, INC., JOSEPH LIONEL JONES, and BAB PRODUCTIONS, INC., | ) Fed R. Civ. P. 39(a)(2); Local Rule 7.2 |
| Defendants. | ) |

Defendants Putnam Fiduciary Trust Company ("Putnam") and Abbott Laboratories ("Abbott"), incorrectly named in the caption as Abbott Laboratories, Inc., respectfully submit this memorandum in support of their Joint Motion to Strike the jury demand made in plaintiffs' Second Amended Complaint as it relates to Putnam and Abbott.

## INTRODUCTION

It is undisputed in the United States Court of Appeals for the Fourth Circuit that ERISA claims are not to be tried to a jury. *Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir. 1985). Indeed, when claims for breach of fiduciary duty are brought pursuant to Section 502(a)(2) of ERISA – the same claim plaintiffs brought against Putnam and Abbott – the courts of the Fourth circuit consistently have held that plaintiffs have no right to a jury trial. One district court commenting on this clear precedent has gone as far as to exclaim it "cannot imagine what facts arising under ERISA would entitle a party to a jury trial in this [the Fourth] circuit."

*Farrie v. Charles Town Races, Inc. et al.*, 901 F. Supp. 1101, 1106-1107 (N.D.W. Va. 1995). Under this well-established precedent, this Court should strike plaintiffs' jury trial demand.

Plaintiffs, former participants in the Abbott Laboratories, Inc. ("Abbott") Stock Retirement Plan (the "Plan"), assert claims against Putnam and Abbott under Section 502(a)(2) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Plaintiffs claim that Putnam breached alleged ERISA fiduciary duties by processing plaintiffs' IRA rollover distribution requests in accordance with plaintiffs' written and signed instructions. Second Amended Compl., ¶¶ 7-13, 53-59. Plaintiffs claim that Abbott breached alleged ERISA fiduciary duties by supposedly endorsing Joseph Jones – the con artist who stole plaintiffs' money – as an investment advisor. *Id.,* ¶¶ 3, 53-59. Plaintiffs seek a judgment requiring Putnam and Abbott to make the Plan good for any losses incurred as a result of the alleged breaches of duty, and to restore any profits obtained as a result of such breaches. *Id.* ¶ 53. Plaintiffs further seek to recover any investment gain their assets would have realized but for the alleged breaches, as well as pre- and post-judgment interest, attorneys' fees, punitive damages and costs. *Id.* ¶ 53 and p. 14. Plaintiffs demand a jury trial on their claims against Putnam and Abbott, as well as on their claims asserted against other defendants, but only "to the extent the law provides for it." Putnam and Abbott properly objected to this demand in their respective Answers to Plaintiffs' Second Amended Complaint. Docket Nos. 59 and 60.

Because the well-settled law of this Circuit makes plain that a jury trial is not proper for plaintiffs' breach of ERISA fiduciary duty claims against Putnam and Abbott, the Court should strike the jury demand as it relates to those claims.

# ARGUMENT

I.  **Plaintiffs Are Not Entitled to a Jury Trial on Their Breach of ERISA Fiduciary Duty Claims As A Matter of Settled Fourth Circuit Law**

It is well-settled in the Fourth Circuit that actions for breach of fiduciary duty claims under ERISA § 502(a)(2) are not entitled to a trial by jury. As an initial matter, ERISA provides no express right to a trial by jury. Accordingly, the Fourth Circuit – consistent with the statute's roots in trust law – has concluded that Congress "has returned [the question] to the common law of trusts . . . where . . . no jury trial obtains." *Berry,* 761 F.2d at 1007. Under this reasoning, the Fourth Circuit consistently has maintained that there is no implied right to a jury trial for ERISA claims. *See id.* (no right to jury trial on plan participant's ERISA claim because "proceedings to determine rights under employee benefit plans are equitable in character"); *see also Biggers v. Wittek Indus.*, 4 F.3d 291, 295 (4th Cir. 1993) (reaffirming that ERISA claims should not be decided by a jury).

Accordingly, courts throughout the circuit have interpreted and applied this Fourth Circuit authority to hold that breach of fiduciary duty claims under ERISA § 502(a)(2) in particular must be "examined under trust law principles," are equitable in nature and must be tried to the court not a jury. *See Broadnax Mills, Inc. v. Blue Cross & Blue Shield of Virginia*, 876 F. Supp. 809, 816 (E.D. Va. 1995) (no right to jury trial on breach of fiduciary duty claim). Indeed, one court has observed that, in light of Fourth Circuit precedent, it "cannot imagine what facts arising under ERISA would entitle a party to a jury trial in this circuit." *Farrie*, 901 F. Supp. at 1106-1107 (granting motion to strike jury demand in ERISA breach of fiduciary duty suit).

Indeed, this rule of the Fourth Circuit is consistent with the law of virtually all other circuits. *See, e.g., Thomas v. Oregon Fruit Prods. Co.,* 228 F.3d 991, 996-997 (9th Cir. 2000);

*Langlie v. Onan Corp.,* 192 F.3d 1137, 1141 (8th Cir. 1999), *cert. denied,* 529 U.S. 1087 (2000); *Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 616 (6th Cir. 1998); *Adams v. Cyprus Amax Minerals Co.,* 149 F.3d 1156, 1162 (10th Cir. 1998); *Broaddus v. Florida Power Corp.,* 145 F.3d 1283, 1287 n. \*\* (11th Cir. 1998); *Tischmann v. ITT/Sheraton Corp.,* 145 F.3d 561, 568 (2d Cir.), *cert. denied,* 525 U.S. 963 (1998); *Matthews v. Sears Pension Plan,* 144 F.3d 461, 468 (7th Cir.), *cert. denied,* 525 U.S. 1054 (1998); *Borst v. Chevron Corp.,* 36 F.3d 1308, 1324 (5th Cir. 1994); *Cox v. Keystone Carbon Co.,* 894 F.2d 647, 649-650 (3d Cir. 1990); *Gentile v. John Hancock Mut. Life Ins. Co.,* 951 F. Supp. 284, 290-91 (D. Mass. 1997).

Plaintiffs here present no facts that warrant deviation from this rule against a jury trial on breach of ERISA fiduciary duty claims against Putnam and Abbott. First, plaintiffs' claims of breach of fiduciary duty by their very nature are equitable. Plaintiffs assert claims under ERISA § 502(a)(2), alleging that (i) Putnam breached alleged fiduciary duties owed to plaintiffs by processing plaintiffs' rollover distribution requests, despite purported "red flags" purportedly indicating that the requests might have been erroneous, without first investigating plaintiffs' directions and questioning the prudence of plaintiffs' decisions; and (ii) Abbott breached alleged fiduciary duties owed to plaintiffs by somehow endorsing Jones as an investment advisor. In *Broadnax Mills*, the plaintiff asserted similar claims for breach of duty under § 502(a)(2), alleging that the defendant insurance company had failed to properly advise the plaintiff concerning insurance coverage and failing to pass on discounts from providers. *Broadnax Mills*, 876 F. Supp. at 812-13. The court in *Broadnax* held that such claims for breach of trust were within the exclusive jurisdiction of courts of equity at common law, and thus "not triable by a jury." *Id.* at 816. The same conclusion must be reached as to plaintiffs' claims here.

4

Second, the remedies that plaintiffs seek against Putnam and Abbott likewise sound in equity and preclude a jury trial. Plaintiffs' prayer that the plan be "made good" for losses incurred as a result of alleged breaches of duty is precisely analogous to a traditional equitable prayer by a beneficiary of a trust to restore the beneficiary to the "position in which he would have been if the trustee had not committed the breach of trust." Restatement (Second) of Trusts § 205 cmt. a, at 458; A. Scott, The Law of Trusts, § 199.3, at 206 (4th ed. 1988). No right to a jury trial attaches where the remedy sought is purely equitable.

The fact that plaintiffs seek monetary redress for plan losses does not alter this result. "In actions under [§ 502(a)(2)], any entitlement to monetary relief necessarily turns upon whether or not the fiduciary has breached its ERISA duties; thus, any relief sought is necessarily intertwined with the equitable process of resolving the ultimate issue – whether or not there has been a breach of fiduciary duty." *Broadnax Mills*, 876 F. Supp. at 816. Indeed, plaintiffs here seek the very same types of relief that the *Broadnax Mills* court deemed equitable: monetary recovery for plan losses and disgorgement of plan assets and any related profits. *Id.* at 817. Where such prayer "actually seeks restitution," the nature of the relief is "generally equitable," and affords no right to trial by jury. *Id.* (citing *Chauffeurs, Teamsters & Helpers Local No. 391 v. Terry*, 494 U.S. 558, 570-71 (1990)).[1]

Accordingly, plaintiffs are not entitled to a jury trial on their breach of ERISA fiduciary duty claims against Putnam and Abbott.

---

[1] As the *Broadnax* court noted, an examination of § 502 underscores the principle that breach of ERISA fiduciary duty remedies are equitable in nature. *See Broadnax Mills*, 876 F. Supp. at 816. The monetary provisions of § 502 generally mirror the relief provided in the Restatement (Second) of Trusts; both call for restitution of any losses in value and disgorgement of profits. *See id.* at 816 n. 10; *Compare* 29 U.S.C. § 1109 *with* Restatement (Second) of Trusts § 205.

5

## II. Where Plaintiffs Are Not Entitled to a Jury Trial, the Court Should Strike the Jury Demand at this Juncture of the Litigation

Because Fourth Circuit authority is clear that a trial by jury is unavailable for plaintiffs' ERISA claims against Putnam and Abbott, the Court should now strike plaintiffs' demand for a jury trial.

Federal Rule of Civil Procedure 39(a)(2) provides that issues are to be tried by a jury when so demanded unless "there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). Where a jury right does not exist, courts in this Circuit consistently have taken the view that a motion to strike the jury demand must be granted.

In *Bursell v. General Electric Co.*, 243 F. Supp. 2d 460, 470 (E.D.N.C. 2003), for example, this Court concluded that the plaintiff had no right a jury trial on his ERISA claim to recover benefits, and accordingly, his demand for a jury trial had to be stricken. Other courts in the circuit agree. *See, e.g., Moore v. Life Ins. Co. of North America*, No. 5:05CV169, 2006 U.S. Dist. LEXIS 71897, *25 (N.D. W. Va. Sept. 29, 2006) (where "no right to a jury trial" in ERISA action, defendants' motion to strike jury demand "must be granted") (a copy of this decision is attached hereto as <u>Exhibit A</u>); *Williams v. UNUM Life Ins. Co. of America*, 940 F. Supp. 136, 143 (E.D. Va. 1996) (motion to strike jury demand in ERISA case "must be granted"); *Broadnax Mills*, 876 F. Supp. at 817 (granting motion to strike where plaintiff "not entitled to trial by jury").[2] Here, as set forth above, ERISA on its face confers no right to a trial by jury, and the equitable nature of plaintiffs' claims and of the remedies sought forecloses such a right. Consistent with this Court's holding in *Bursell*, Defendants' motion to strike plaintiffs' jury demand must therefore be granted.

---

[2] Indeed, this outcome is mandated in any context where no jury right attaches. *See, e.g., Ringling Bros.-Barnum & Bailey, Combined Shows, Inc. v. Utah Division of Travel Dev.*, 955 F. Supp. 598, 605 (E.D.Va. 1997) (motion to strike jury demand on Lanham Act claims "must be granted" where statute did not grant such right).

Moreover, sound policy reasons, as recognized by the Fourth Circuit in *Claitt v. Newcomb*, No. 90-1104, 1991 U.S. App. LEXIS 21796 (4th Cir. Sept. 17, 1991) (a copy of this decision is attached hereto as <u>Exhibit B</u>), warrant that the Court strike plaintiffs' jury demand at this juncture in advance of trial. In *Claitt*, the Fourth Circuit reviewed the district court's dismissal of the plaintiff's suit as a sanction for, among other transgressions, the plaintiff's failure to notify the defendant that he had waived his right to a jury trial the week before trial was to begin. *Id.* at *2. Affirming dismissal, the Fourth Circuit noted the prejudice to a defendant's ability to prepare for trial when there is uncertainty as to whether the case is to be tried to a jury or to the bench. *Id.* at *5. The same prejudice could occur here and weighs in favor of early resolution of the issue. A timely decision on the motion to strike is further warranted where the parties are scheduled to engage in court-ordered mediation by September 30, 2009, and their ability to engage in meaningful settlements discussions would be impeded by uncertainty as to whether the case is to be tried to a jury. For these reasons, an order striking plaintiffs' jury demand is both required and appropriate at this stage of the case.

**CONCLUSION**

For the foregoing reasons, Putnam and Abbott respectfully request that the Court strike from plaintiffs' complaint the demand for a trial by jury of all claims against Putnam and Abbott.

This the 24th day of July, 2009

| | |
|---|---|
| /s/ George F. Sanderson III | /s/ Sara W. Higgins |
| Matthew W. Sawchak | Sara W. Higgins |
| N.C. State Bar No. 17059 | NC State Bar No. 22111 |
| George F. Sanderson III | HIGGINS LAW FIRM, PLLC |
| N.C. State Bar No. 33054 | 6525 Morrison Boulevard, Suite 402 |
| ELLIS & WINTERS LLP | Charlotte, North Carolina 28211 |
| P.O. Box 33550 | Telephone: (704) 366-4607 |
| Raleigh, NC 27636 | Facsimile: (704) 749-9451 |
| Telephone: (919) 865-7000 | Email: sally@thehigginslawfirm.com |
| Facsimile: (919) 865-7010 | |
| matt.sawchak@elliswinters.com | Joseph J. Torres |
| george.sanderson@elliswinters.com | Sheila P. Frederick |
| | WINSTON & STRAWN LLP |
| James S. Dittmar | 35 West Wacker Drive |
| Damian S. Wilmot | Chicago, Illinois 60601 |
| GOODWIN PROCTER LLP | Telephone: (312) 558-5600 |
| 53 State Street | Facsimile: (312) 558-5700 |
| Boston, MA 02109 | Email: jtorres@winston.com |
| Telephone: (617) 570-1000 | sfrederick@winston.com |
| Facsimile: (617) 523-1231 | |
| jdittmar@goodwinprocter.com | Attorneys For Abbott Laboratories |
| dwilmot@goodwinprocter.com | |

*Attorneys for Defendant Putnam Fiduciary Trust Company*

CERTIFICATE OF SERVICE

I hereby certify that today, I electronically filed the foregoing document with the Court's CM/ECF system, which will serve the filing on the following counsel:

J. Anthony Penry, Esq.
Neil A. Riemann, Esq.
PENRY RIEMANN, PLLC
510 Glenwood Avenue, Suite 319
Raleigh, NC 27603
andy.penry@penryriemann.com
neil.riemann@penryriemann.com

Howard B. Prossnitz, Esq.
Meaghan M. McCallister, Esq.
LAW OFFICES OF HOWARD PROSSNITZ
200 West Madison Street
Suite 2670
Chicago, IL 60606
howard@prossnitzlaw.com
meaghan@prossnitzlaw.com

Robert M. Birndorf, Esq.
Birndorf & Birndorf
200 West Madison St., Suite 2670
Chicago , IL 60606
rbirndorf@cs.com
Attorneys for Plaintiffs

I further certify that today, I have mailed the document to the following non-participants in CM/ECF:

Wayne R. Williams, Esq.
152 Spaulding Drive
Rocky Mount, NC 27801
Attorneys for Plaintiffs

Eric D. Levine, Esq.
301 S. McDowell Street, Suite 1010
Charlotte, NC 28204
Attorney for Defendant BAB Productions, Inc.

Mr. Joseph Lionel Jones
c/o North Carolina Department of Corrections
Caledonia Corrections Institution
Box 137
Tillery, NC 27887


This the 24th day of July, 2009.

/s/ George F. Sanderson III