IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-CV-386-H

|  |  |  |
|---|---|---|
| RONALD ARRINGTON, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | **REPLY MEMORANDUM IN SUPPORT** |
| | ) | **OF PUTNAM FIDUCIARY TRUST** |
| v. | ) | **COMPANY'S MOTION** |
| | ) | **FOR SUMMARY JUDGMENT** |
| PUTNAM FIDUCIARY TRUST COMPANY, | ) | |
| ABBOTT LABORATORIES, INC., JOSEPH | ) | **Fed. R. Civ. P. 56; Local Rules 7.1(f), 7.2** |
| LIONEL JONES, and BAB PRODUCTIONS, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| James S. Dittmar | Matthew W. Sawchak |
| Damian W. Wilmot | N.C. State Bar No. 17059 |
| GOODWIN PROCTER LLP | George F. Sanderson III |
| 53 State Street | N.C. State Bar No. 33054 |
| Boston, Massachusetts 02109 | ELLIS & WINTERS LLP |
| | P.O. Box 33550 |
| | Raleigh, NC 27636 |
| | |
| | *Attorneys for Putnam Fiduciary Trust Company* |

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    Plaintiffs Fail To Properly Controvert Putnam's Statement Of Undisputed Material Facts; Accordingly, There Are No Genuine Issues Of Material Fact Properly In Dispute ...................................................................................................................2

        A.    Plaintiffs' Conclusory And Argumentative Statements Cannot Create Disputed Issues Of Material Fact ..................................................................2

        B.    Plaintiffs' Statement Of Facts Is Not Supported By Competent Evidence ...................2

        C.    Plaintiffs Fail To Comply With L.R. 56.1; Accordingly, The Court Should Consider The Facts Set Forth In Putnam's Statement Of Undisputed Facts As Admitted ..................................................................................................................3

        D.    Plaintiffs Misstate The Record ...............................................................................4

    II.    Plaintiffs Fail To Undermine That Putnam Was Not A Fiduciary With Respect To The Processing Of Direct IRA Rollover Requests .............................................................4

    III.    Plaintiffs Fail To Undermine That Putnam Did Not Have A Duty To Question Plaintiffs' Rollover Request Forms Or To Reject Them Even If Putnam Were A Fiduciary With Respect To The Processing Of Direct IRA Rollover Distribution Requests ..................................................................................................................8

    IV.    Plaintiffs Fail To Show Their Claims Are Not Barred By The Statute Of Limitations .......9

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amnesty Am. v. Town of West Hartford,*
  288 F.3d 467 (2d Cir. 2002) ............................................................................................... 3

*Beddall v. State Street Bank & Trust Co.,*
  137 F.3d 12 (1st Cir. 1998) ............................................................................................ 5, 6

*Coleman v. Nationwide Life Ins. Co.,*
  969 F.2d 54, 61 (4th Cir. 1992) ......................................................................................... 5

*FirsTier Bank, N.A. v. Zeller,*
  16 F.3d 907 (8th Cir. 1994) ............................................................................................... 8

*Giannullo v. City of New York,*
  322 F.3d 139 (2d Cir. 2003) .............................................................................................. 3

*Givens v. Am. Benefit Corp.,*
  No. 92-2005, 1993 WL 165002 (4th Cir. May 17, 1993) ................................................. 5

*Hunter v. Custom Business Graphics,*
  No. 2:08-cv-494, 2009 WL 2138675 (E.D. Va. July 1, 2009) .......................................... 9

*Maniace v. Commerce Bank, N.A.,*
  40 F.3d 264, 267 (8th Cir.1994) ........................................................................................ 9

*Negley v. Breads of the World Medical Plan,*
  No. 02-D-840 (PAC), 2003 U.S. Dist. LEXIS 14431 (D. Colo. 2003) ......................... 6, 7

*Ramsey v. White Consol. Indus.,*
  No. 97-1383, 1998 U.S. App. LEXIS 16401 (4th Cir. July 17, 1998) .............................. 2

*Setterlund v. Potter*,
  597 F. Supp. 2d 167 (D. Mass. 2008) ............................................................................... 3

*Shofer v. Stuart Hack Co.*,
  970 F.2d 1316 (4th Cir. 1992) ........................................................................................... 9

*Thompson v. Potomac Elec. Power Co.*,
  312 F.3d 645 (4th Cir. 2002) ............................................................................................. 2

*Weeks v. Advance Stores Co.*,
  No. 03-1926, 2004 WL 1191792 (4th Cir. June 1, 2004) ................................................. 8

*Yeater v. Allied Chem. Co.*,
    755 F. Supp. 1330 (N.D. W. Va. 1991) ...................................................................................3


**STATUTES**

29 U.S.C. § 1002(21)(A)(i)...................................................................................................... 3


**OTHER AUTHORITIES**

Fed. R. Civ. P. 56......................................................................................................................3, 4

United States District Court for the Eastern District of North Carolina, Local Rule 56.1 ..............3

Defendant Putnam Fiduciary Trust Company ("Putnam") respectfully submits this reply memorandum in support of its motion for summary judgment.

## INTRODUCTION

In their opposition, plaintiffs fail to raise a genuine issue of material fact that would defeat any of the three independent grounds which Putnam argued entitled it to summary judgment.

First, Putnam did not owe a fiduciary duty to plaintiffs with respect to the processing of their requests for individual retirement account ("IRA") rollover distributions because that processing is not a fiduciary function. In response to this argument, plaintiffs fail to raise an issue of fact as to whether Putnam had discretionary fiduciary authority with respect to the processing of participants' rollover requests.

Second, even if there were a fiduciary duty, Putnam committed no breach because it precisely followed plaintiffs' signed requests. In response, plaintiffs fail to establish that, even if Putnam were a fiduciary, it owed plaintiffs a duty to refuse to follow their explicit requests to take an action that plaintiffs had the right under the plan to request.

Third, plaintiffs' claim is barred by ERISA's three-year statute of limitations. In response, plaintiffs do not dispute that more than three years before filing suit they knew exactly what Putnam's actions had been in processing their rollover distribution requests. They also indisputably knew, more than three years before filing suit, the harmful consequences of their instructions to Putnam to distribute their individual account assets to BAB.

In addition, plaintiffs' opposition fails to respond to Putnam's Statement of Undisputed Facts as this Court's Local Rules require; accordingly, the Court should treat Putnam's statement of facts as admitted.

For any one of these reasons, the Court should grant summary judgment in Putnam's favor.

# ARGUMENT

I.  **Plaintiffs Fail To Properly Controvert Putnam's Statement Of Undisputed Material Facts; Accordingly, There Are No Genuine Issues Of Material Fact Properly In Dispute**

   A.  **Plaintiffs' Conclusory And Argumentative Statements Cannot Create Disputed Issues Of Material Fact**

Plaintiffs' Statement of Material Contested Facts is rife with conclusions and argument that are not statements of fact. For example, plaintiffs' Statement of Material Contested Facts states that:

- ". . . 'Closed End Unit Investment Trust' and the variations employed by Jones are not valid IRA names . . . ." Opposition, at 8.
- "These forms were not in good order." *Id.* at 9.
- "Putnam Administrators were not adequately trained in following the Procedures Manual on processing Rollover Forms." *Id.* at 10.
- "Putnam had the discretion to make a phone call to BAB to confirm that BAB was a legitimate financial institution and whether IRA accounts existed at BAB." *Id.* at 13.
- "Had anyone from Putnam placed a timely call to question the defects that were evident on the face of the Rollover Requests, Plaintiffs would not have lost their retirement money." *Id.* at 14.

Such assertions, along with many others that similarly constitute argument and conclusions, cannot create genuine factual disputes. *See Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) ("[Plaintiff has] the ultimate burden of demonstrating a genuine issue of material fact for trial. Conclusory or speculative allegations do not suffice.") (internal citation omitted); *Ramsey v. White Consol. Indus.*, No. 97-1383, 1998 U.S. App. LEXIS 16401, at *8 (4th Cir. July 17, 1998) ("Absent any further evidence to support [plaintiff's argumentative and conclusory statements], however, these arguments fail to meet the evidentiary standard necessary to create a genuine issue of material fact.") (a copy of this decision is attached hereto as *Exhibit A*).

   B.  **Plaintiffs' Statement Of Facts Is Not Supported By Competent Evidence**

In addition, plaintiffs' statements create no factual issue for an additional independent reason: They are not supported by admissible evidence. For instance, plaintiffs rely on documents that lack foundation to establish their admissibility, including a partial, unverified "transcript" of a telephone call, documents plaintiffs characterize as "call records and logs," and an unauthenticated letter which

is not addressed to any of the plaintiffs. Opposition, at 13-14, 16. Plaintiffs proffer no testimony or affidavit from a person with personal knowledge about these materials to establish their foundation or to authenticate them. Plaintiffs also offer the hearsay contained in these unverified documents as evidence to establish the truth of the matters asserted. Such inadmissible evidence – unauthenticated documents, unsworn witness statements, and documents including hearsay – cannot properly controvert Putnam's statement of undisputed facts. *See, e.g., Setterlund v. Potter*, 597 F. Supp. 2d 167, 170-74 (D. Mass. 2008); *see also* Fed. R. Civ. P. 56(e).

### C. Plaintiffs Fail To Comply With L.R. 56.1; Accordingly, The Court Should Consider The Facts Set Forth In Putnam's Statement Of Undisputed Facts As Admitted

Plaintiffs also have failed to comply with Local Rule 56.1. In its Memorandum in support of its Motion for Summary Judgment, Putnam included a Statement of Undisputed Facts that stated the specific facts material to the specific grounds of its motion, and properly supported those facts by citations to admissible evidence. Local Rule 56.1 required plaintiffs to respond with a statement that specifically identifies any facts that plaintiffs contend are disputed. *See* Local Rule 56.1 (nonmoving party's opposition shall "include a short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried").[1] Plaintiffs have failed to file such a statement. Accordingly, as each decision that involves a local rule similar to this Court's Local Rule 56.1 has held, the Court should consider the facts set forth in Putnam's Statement of Undisputed Facts as admitted. *See, e.g. Giannullo v. City of New York,* 322 F.3d 139, 140 (2d Cir. 2003) (where an opposing party does not "controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted."); *Yeater v. Allied Chem. Co.*, 755 F. Supp. 1330, 1333 (N.D. W. Va. 1991) (where local rule required "short and concise statement of the material facts . . . as to

---

[1] *See also, e.g., Amnesty Am. v. Town of West Hartford,* 288 F.3d 467, 470 (2d Cir. 2002) (holding based on language similar to E.D.N.C. Local Rule 56.1 that "[a] party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and designat[ing] specific facts showing that there is a genuine issue for trial") (internal citations omitted).

which it is contended that there exists a genuine issue to be tried," and plaintiff failed to respond to a majority of facts set forth by defendant, all facts to which plaintiff did not respond were deemed admitted).

### D. Plaintiffs Misstate The Record

Last, where it does cite to the record, plaintiff's Statement of Material Contested Facts repeatedly misstates the record. This is especially glaring in the "The Training of Putnam's Rollover Administrators Was Grossly Inadequate" section of plaintiffs' opposition, where plaintiffs argue, for example, that Paul McMorrow did not know what the terms "missing information," "questionable information," or "unclear information" meant in Putnam's Operation Manual. Opposition, pp. 10-11. Even a cursory review of Mr. McMorrow's deposition belies these statements in plaintiffs' brief.[2] Plaintiffs' failure to show properly that there are genuine issues as to material facts relevant to the grounds of Putnam's motion entitles Putnam to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c), (e)(2).

### II. Plaintiffs Fail To Undermine That Putnam Was Not A Fiduciary With Respect To The Processing Of Direct IRA Rollover Requests

Plaintiffs' argument that Putnam had the requisite discretion to qualify as an ERISA fiduciary with respect to the processing of participants' direct IRA rollover requests misunderstands the concept of discretion under § 3(21)(A)(i) of ERISA.[3] Plaintiffs base this argument on two factual contentions: (i) Putnam is named as a fiduciary in the Trust and Service Agreements, and (ii)

---

[2] *Compare* Putnam's Appendix ("PAPP") Tab 15 (McMorrow Dep. Tr.) at 56:18-56:20 (explaining "missing information"), *and* PAPP Tab 15 at 57:1-7 (explaining "questionable information"), *and* PAPP Tab 15 at 56:18-24 (explaining "missing information"), *with* Opposition p. 10 (claiming that McMorrow did not know what "missing information" meant), *and* Opposition p. 10 (claiming that McMorrow did not know what "questionable" meant), *and* Opposition p. 10 (claiming that McMorrow did not know what "missing information" meant).

[3] Under ERISA § 3(21)(A)(i), a person is a fiduciary "*[t]o the extent* . . . he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A)(i) (emphasis added).

4

Putnam had "the discretion to process only those forms which were in good order, to evaluate whether or not forms were in good order, and to reject forms if they were not in good order." Plaintiffs argument fails for two reasons. First, it completely ignores well-settled Fourth Circuit precedent that fiduciary status under ERISA is not "an all-or-nothing" proposition. *Coleman v. Nationwide Life Ins. Co.,* 969 F.2d 54, 61 (4th Cir. 1992). Second, it ignores equally well-settled precedent that ministerial functions, such as processing rollover distribution forms, do not constitute fiduciary action. *See Givens v. Am. Benefit Corp.,* No. 92-2005, 1993 WL 165002, at *3 (4th Cir. May 17, 1993) (a copy of this decision is attached hereto as *Exhibit B*).

First, for Putnam to be an ERISA fiduciary with respect to the processing of direct IRA rollover request forms based upon the plan documents, the plan documents must formally allocate to Putnam fiduciary responsibilities over that function. *See Coleman*, 929 F.2d at 61. This analysis was articulated by the Fourth Circuit in *Coleman v. Nationwide life Ins. Co.,* 969 F.2d 54 (4th Cir. 1992), where it held that fiduciary status exists "only as to the activities which bring the person within the definition." *Id.* at 61. Here, there is no provision in the Trust Agreement or Service Agreement that confers fiduciary responsibility on Putnam with respect to processing distribution requests. *See* Putnam's Opening Brief at 20.

Second, Putnam's internal process to determine whether an IRA rollover request form was signed and contained sufficient information to allow Putnam to follow a participant's instructions did not involve the type of *discretion* that fiduciary status under ERISA would require. Putnam's processing of plaintiffs' IRA rollover request forms constitutes a *ministerial* function, which is not a fiduciary function. *See Givens,* 1993 WL 165002, at *3 (citing circuit authority for proposition that "ministerial tasks, such as applying plan rules and processing claims" are not fiduciary functions); *see also Beddall v. State Street Bank & Trust Co.,* 137 F.3d 12, 20-21 (1st Cir. 1998) (holding that Plan trustee was not an ERISA fiduciary over the processing and following directions of investment manager because trust agreement did not confer fiduciary responsibility on trustee over such tasks

5

and, despite having authority to "refuse to follow instructions that are not in an acceptable format," such activities constitute ministerial tasks and the "discretion" or right of the trustee to reject instructions that are in an unacceptable format "lies well within the administrative sphere, and its existence does not transform the [trustee] into a fiduciary vis-a-vis the affected assets.").

Indeed, for Putnam to have had requisite discretion under ERISA § 3(21)(A)(i) with respect to the processing of IRA rollover distribution requests, Putnam would have needed to have the power to *override participants' decisions as to where their individual account assets were distributed* when their employment terminated and they became entitled to direct a distribution. *See, e.g., Beddall,* 137 F.3d at 18 ("The key determinant of whether a person qualifies as a functional fiduciary is whether that person exercises discretionary authority in respect to, or meaningful control over, an ERISA plan, its administration, or its assets."). It is undisputed that Putnam had neither the power to determine where plaintiffs' account assets were distributed nor the power to override plaintiffs' instructions concerning the distribution of their assets.[4] Indeed, there is no case holding that a 401(k) plan trustee and record keeper has the discretion – the power to exercise its judgment – to decline to follow a participant's rollover distribution request.

Plaintiffs' reliance on *Negley v. Breads of the World Medical Plan,* No. 02-D-840 (PAC), 2003 U.S. Dist. LEXIS 14431 (D. Colo. 2003) (attached hereto as *Exhibit C*) – a District of Colorado magistrate judge's recommendation – to support their contention that ministerial functions are fiduciary functions is misplaced. In *Negley,* the plaintiff, who was eligible for enrollment in his employer's ERISA plan, alleged that his employer, the plan "Administrator," breached fiduciary

---

[4] *See* PAPP, Tab 5, § II.D.7 ("When Putnam receives properly completed distribution forms from the Participant, it will distribute the benefit according to the Participant's directions."); PAPP, Tab 15, at 39:10-21 ("[W]e were participant directed when it came to processing distributions and rollovers . . . . We took the participant's direction."); PAPP, Tab 14, at 191:13-16 ("Generally we can't interfere with a participant request."); PAPP, Tab 16, at 36:3-14 (technical administrators were trained to process forms that were in good order and distribute Plan assets according to participants' instructions).

duties under ERISA by failing to give plaintiff enrollment forms and certain other information. *Id.* at *13. Both parties moved for summary judgment. *Id.* The defendant argued that it was entitled to judgment because it was not a fiduciary with respect to providing plaintiff enrollment forms and other information. *Id.* at *13-*14. The magistrate judge recommended that the district court deny defendant's motion for summary judgment, reasoning that (i) the plan "expressly" conferred fiduciary responsibility on the plan Administrator over the communication of the information at issue to participants, and (ii) as a matter of law, a plan Administrator acts as a fiduciary when it communicates with plan participants. *Id.* at *14-*17. *Negley* is easily distinguishable from the case at bar. First, the Trust and Service Agreements here do not confer fiduciary responsibility on Putnam with respect to processing distribution requests. Second, Putnam's role as service provider does not make it a fiduciary over the processing of distribution requests as a matter of law.

Contrary to plaintiffs' argument, Putnam's internal emails do not establish that it had the power to determine how plaintiffs' Plan assets were distributed or the power to override plaintiffs' instructions on the distribution of their assets. These emails document that, upon learning the extraordinary news from the North Carolina Secretary of State in September 2004 that Plan participants had long previously lost their rolled over assets to a transferee – BAB – apparently engaged in fraudulent activity, Putnam added a new element to its ministerial process of reviewing IRA rollover distribution forms for good order. Pls.' App. Tab E. Specifically, in the event that a participant identified BAB as the IRA rollover trustee on his rollover request form, Putnam was to contact the participant, refer the participant to the Secretary of State's office "for further information," and inform the participant that Putnam "will process [his] distribution upon hearing from [sic] back from [him] to either confirm or alter [his] rollover instructions." *Id.* This measure hardly demonstrates that Putnam had the discretion to determine whether to honor participant rollover requests; instead, it shows that the ultimate power to determine how account assets are distributed remained with participants.

7

### III. Plaintiffs Fail To Undermine That Putnam Did Not Have A Duty To Question Plaintiffs' Rollover Request Forms Or To Reject Them Even If Putnam Were A Fiduciary With Respect To The Processing Of Direct IRA Rollover Distribution Requests

Plaintiffs argue that Putnam breached the Prudent Man Rule. Plaintiffs, however, cannot argue breach of fiduciary duty without establishing relevant fiduciary status and, thus, fiduciary duty in the first place. *See Weeks v. Advance Stores Co.*, No. 03-1926, 2004 WL 1191792, at *6 (4th Cir. June 1, 2004) ("In determining whether a person qualifies as an ERISA fiduciary, [the court does] not look at what that person should have done. Rather, [its] inquiry solely focuses on whether that person actually exercised any discretionary authority on the management and administration of the plan in question.") (A copy of this decision is attached hereto as *Exhibit D*).

In fact, *even if* Putnam had had fiduciary status with respect to the processing of direct IRA rollover distribution requests, it still would not have had a duty to question plaintiffs' instructions to process a transaction which is explicitly permitted under the Plan Documents or to question the prudence of plaintiffs' decisions to request the distributions. *See FirsTier Bank, N.A. v. Zeller,* 16 F.3d 907, 912-13 (8th Cir. 1994). Plaintiffs' opposition fails to address this holding of *FirsTier*. Contrary to plaintiffs' argument, the relevant facts of *FirsTier* and this case are parallel. Both cases are premised on plan participants' claim that the plan trustee breached its fiduciary duties under ERISA by failing to refuse to follow participant instructions regarding disposition of participant account assets through participant initiated transactions explicitly permitted by the plan. In both cases plaintiffs claimed that the trustee had been put on notice by purported "red flags" warning that following the participants' instructions could put the participants' assets at risk of loss. *FirsTier* is clear: A trustee cannot be held liable for participants' losses under these circumstances because ERISA imposes no duty on a trustee to question or refuse a participant instruction to carry out a transaction permitted by the plan.[5] *Id.*

---

[5] *FirsTier* does not support plaintiffs' argument that, as Plan trustee, Putnam is a fiduciary with respect

**IV.  Plaintiffs Fail To Show Their Claims Are Not Barred By The Statute Of Limitations**

Putnam's opening brief sets forth two independent reasons why plaintiffs' claims are barred by ERISA's three-year statute of limitations.  In response, plaintiffs have failed to address one of these two reasons at all:  The point that before October 4, 2004, plaintiffs had actual knowledge of the material facts that constitute Putnam's alleged breach of fiduciary duty.  This unchallenged limitations argument, by itself, defeats plaintiffs' claims.  *See Hunter v. Custom Business Graphics,* No. 2:08-cv-494, 2009 WL 2138675, at *6-7 (E.D. Va. July 1, 2009) (when court decides actual knowledge, the "relevant inquiry must focus upon the alleged violations and the timing of when the plaintiff became aware of the facts constituting the violation . . . . *Whether [plaintiff] knew that this action was illegal or not is not important.*") (italics in original) (a copy of this decision is attached hereto as *Exhibit E*).

Plaintiffs also misstate the standard for the second ground of Putnam's limitations defense.  Contrary to plaintiffs' assertion, the statute of limitations does not begin to run from the date when plaintiffs realized that they were victims of a fraud.[6]  Instead, the correct trigger is when plaintiffs had actual knowledge of the *harmful consequences* of their instructions to Putnam to distribute their Plan assets to BAB.  *See Shofer v. Stuart Hack Co.*, 970 F.2d 1316, 1318 (4th Cir. 1992).  The undisputed record demonstrates that they had such knowledge before October 4, 2004.  Indeed, it is undisputed that by the end of September 2004 all of the plaintiffs knew that they did not have control

---

to processing distribution requests.  As noted in Putnam's opening brief, the Eighth Circuit subsequently qualified its position in *FirsTier* and held unequivocally that discretionary authority or control over assets is required to establish ERISA fiduciary status.  *See, e.g., Maniace v. Commerce Bank, N.A.,* 40 F.3d 264, 267 (8th Cir.1994) ("discretion is the benchmark for fiduciary status under ERISA").

[6] Although it is not necessary for Putnam to prove that plaintiffs had actual knowledge that they were victims of a fraud, it is also undisputed that many of the plaintiffs had such knowledge before October 4, 2004.  *See infra* note 7.  Accordingly, even applying plaintiffs' erroneous standard for actual knowledge, the claims of plaintiffs Ronald Arrington, Batts, Cherry, Harden, Harris, Hazel Lucas, Parker, Robinson, and Sanders are barred by the applicable statute of limitations.

over, or even access to, the assets they had rolled over from their Plan accounts to BAB.[7]

**CONCLUSION**

For the foregoing reasons, Putnam respectfully requests that the Court grant summary judgment in its favor.

This 27th day of August, 2009.

/s/ Matthew W. Sawchak
Matthew W. Sawchak
N.C. State Bar No. 17059
George F. Sanderson III
N.C. State Bar No. 33054
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC  27636
(919) 865-7000
Fax (919) 865-7010
matt.sawchak@elliswinters.com
george.sanderson@elliswinters.com

James S. Dittmar
Damian W. Wilmot
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
Telephone:  617.570.1000
Facsimile:  617.523.1231
jdittmar@goodwinprocter.com
dwilmot@goodwinprocter.com

*Attorneys for Putnam Fiduciary Trust Company*

---

[7] *See* PAPP Ex. 18 at 44:5-8, 54:7-14; PAPP Ex. 19 at 45:1-7; PAPP Ex. 20 at 92:15-20; PAPP Ex. 21 at Ex. 11; PAPP Ex. 22 at 48:10-22; PAPP Ex. 23 at 42:3-8; PAPP Ex. 24 at 78:6-79:19; PAPP Ex. 25 at 50:12-52:2; PAPP Ex. 26 at 52:13-17; PAPP Ex. 27 at 42:14-44:7; PAPP Ex. 28 at 54:11-25; PAPP Ex. 29 at 61:6-18; PAPP Ex. 30 at 111:7-112:2; PAPP Ex. 31 at Ex. 9; PAPP Ex. 32 at 119:10-12, 151:5-10; PAPP Ex. 33 at 61:9-12; PAPP Ex. 34 at 59:11-60:16; PAPP Ex. 35 at 74:24-75:1; PAPP Ex. 36 at 53:3-7; PAPP Ex. 37 at 45:18-47:2; PAPP Ex. 38 at 58:21-59:9; PAPP Ex. 39 at 59:8-60:15; PAPP Ex. 181; PAPP Ex. 40 at 91:21-23; PAPP Ex. 41 at  53:7-8, 86:23-87:1; PAPP Ex. 42 at 55:22-56:2; PAPP Ex. 43 at 62:4-65:9; PAPP Ex. 44 at 49:2-51:18; PAPP Ex. 45 at 40:21-41:7, 67:6-8; PAPP Ex. 46 at 75:37-76:20; PAPP 47 at 75:5-10 & Ex. 11; PAPP Ex. 48 at 37:13-41:9.

CERTIFICATE OF SERVICE

I hereby certify that today, I electronically filed the foregoing document with the Court's CM/ECF system, which will serve the filing on the following counsel:

J. Anthony Penry, Esq.
Neil A. Riemann, Esq.
PENRY RIEMANN, PLLC
510 Glenwood Avenue, Suite 319
Raleigh, NC 27603
andy.penry@penryriemann.com
neil.riemann@penryriemann.com

Howard B. Prossnitz, Esq.
Meaghan M. McCallister, Esq.
LAW OFFICES OF HOWARD PROSSNITZ
200 West Madison Street
Suite 2670
Chicago, IL 60606
howard@prossnitzlaw.com
meaghan@prossnitzlaw.com

Robert M. Birndorf, Esq.
Birndorf & Birndorf
200 West Madison St., Suite 2670
Chicago , IL 60606
rbirndorf@cs.com

*Attorneys for Plaintiffs*

Joseph J. Torres, Esq.
Sheila P. Frederick, Esq.
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
jtorres@winston.com
sfrederick@winston.com

Sara W. Higgins, Esq.
HIGGINS LAW FIRM, PLLC
5950 Fairview Road
Charlotte, NC 28210
sally@thehigginslawfirm.com

*Attorneys for Defendant Abbott Laboratories, Inc.*

I further certify that today, I have caused the document to be mailed to the following non-participants in CM/ECF:

Wayne R. Williams, Esq.
152 Spaulding Drive
Rocky Mount, NC 27801
Attorneys for Plaintiffs

Eric D. Levine, Esq.
301 S. McDowell Street, Suite 1010
Charlotte, NC 28204
Attorney for Defendant BAB Productions, Inc.

Mr. Joseph Lionel Jones
c/o North Carolina Department of Corrections
Caledonia Corrections Institution
Box 137
Tillery, NC 27887

This 27th day of August, 2009.

/s/ Matthew W. Sawchak
Matthew W. Sawchak
N.C. State Bar No. 17059
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC 27636
(919) 865-7000
Fax (919) 865-7010
matt.sawchak@elliswinters.com